UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

——————————————————————X

NICKELIA RODRIGUES,

               Plaintiff,

    -against-

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

——————————————————————X

**MEMORANDUM & ORDER**

24-cv-79 (NRM)

**NINA R. MORRISON**, United States District Judge:

In this case, Plaintiff Nickelia Rodrigues ("Plaintiff") challenges the Commissioner of Social Security's November 28, 2022 decision to deny Plaintiff's January 2021 application for Social Security Disability benefits. Plaintiff and the Commissioner have both moved for judgment on the pleadings. *See* Pl. Mot., ECF No. 8; Def. Mot., ECF No. 10. For the reasons outlined below, Plaintiff's motion is granted, the Commissioner's motion is denied, and this case is remanded for further proceedings.

The parties' familiarity with the factual and procedural background of this case is presumed. In relevant part, the Administrative Law Judge ("ALJ") who heard Plaintiff's case made the following determination as to Plaintiff's residual functional capacity ("RFC"):

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except that she can occasionally push and/or pull with the left arm. She can occasionally reach overhead with both upper extremities. She cannot climb ladders, ropes or scaffolds. She can occasionally stoop, kneel, crouch or crawl. She can frequently, but not constantly, handle and finger with the left hand. She can work where there is no exposure to hazards such as dangerous moving

1

machinery or unprotected heights. She can perform simple and routine tasks (with limitations to concentration due to pain, not any established severe mental impairment). She can engage in occupations with a sit/stand option allowing a change of position briefly for 1-2 minutes every 30 minutes, without leaving the workstation.

Administrative Record ("AR") at 14, ECF No. 6.[1] In reaching this determination, the ALJ considered, *inter alia*, the medical opinions of Dr. Nickens, a state agency medical consultant who examined Plaintiff, and Dr. Hecht, Plaintiff's treating physician. AR at 19–20. The ALJ found Dr. Nickens's opinion persuasive and Dr. Hecht's opinion unpersuasive, because Dr. Hecht did not conduct a function-by-function assessment of Plaintiff's abilities and limitations and his opinion was not entirely consistent with the medical record. AR at 20. The ALJ also noted the opinion of Dr. Ochoa-Jimenez, a state examining psychiatrist, that Plaintiff had neither a psychiatric diagnosis nor psychiatric functional limitations. *Id.* The ALJ found the opinion of one non-examining state agency consultant, Dr. Wells, unpersuasive, and noted that a second non-examining state agency consultant, Dr. Sinha, concluded that, at the time of the review, there was insufficient evidence to evaluate Plaintiff's claim. AR at 19. Accordingly, the ALJ relied on Dr. Nickens's and Dr. Ochoa-Jimenez's opinions in determining Plaintiff's RFC.

Claimants who are denied disability insurance benefits by the Social Security Administration (the "SSA") may seek judicial review. 42 U.S.C. § 405(g). In reviewing the Commissioner's final decision, district courts do not "decide *de novo*

---

[1] Citations to the AR, which was filed as a single document with the Court, are to the pagination applied by Social Security Administration prior to transmitting the record, located in the bottom right-hand corner of each page.

whether a claimant was disabled" or "answer in the first instance the inquiries posed by the five-step analysis set out in the [Social Security Administration] regulations." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (citation omitted). Instead, a court's review is limited to determining whether the Commissioner's decision is free of legal error and supported by substantial evidence. *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

"Under the substantial-evidence standard, a court looks to the existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (citation omitted). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Id*. at 103. "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted). It is "more than a mere scintilla." *Id*. (citation omitted). In applying the substantial-evidence standard, a court must "defer[] to the presiding ALJ, who has seen the hearing up close." *Id*. at 108. If substantial evidence supports the Commissioner's findings, they are conclusive and must be upheld. 42 U.S.C. § 405(g); *see Cichocki v. Astrue*, 729 F.3d 172, 175–76 (2d Cir. 2013). After completing its review, the district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing" the Commissioner's decision. 42 U.S.C. § 405(g).

Plaintiff contends that the ALJ erred by not further developing the record as to Plaintiff's RFC. Pl. Br. at 12–15, ECF No. 8-1.[2] The Commissioner argues that substantial evidence in the record supports the ALJ's RFC determination. Def. Br. at 15–24, ECF No. 10-1.

After careful review of the parties' submissions and the administrative record, the Court concludes that the ALJ's RFC determination as to a sit/stand option is not supported by substantial evidence. "For an RFC to withstand judicial scrutiny, substantial evidence must support the findings for each exertional and non-exertional ability." *Carrube v. Astrue*, No. 08-CV-0830 (FJS) (VEB), 2009 WL 6527504, at \*7 (N.D.N.Y. Dec. 2, 2009), *report and recommendation adopted*, 2010 WL 2178499 (May 28, 2010). "Medical records alone cannot provide substantial evidence for an RFC determination; rather, an ALJ's RFC determination must be supported by a medical opinion and that opinion must have been in the record at that time." *Hsieh v. Comm'r of Soc. Sec.*, No. 21-CV-1793 (KAM), 2024 WL 230318, at \*7 (E.D.N.Y. Jan. 22, 2024) (quoting *Lebby v. Comm'r of Soc. Sec'y*, No. 20-CV-4760 (PKC), 2022 WL 580983, at \*7 (E.D.N.Y. Feb. 24, 2022)). "The opinions of state agency physicians can be given weight only insofar as they are supported by evidence in the case record." *Roberts v. Astrue*, No. 10-CV-0092 (DLI), 2011 WL 4056067, at \*8 (E.D.N.Y. Sep. 12, 2011) (citation modified).

Here, the Court finds no error in the ALJ's decision not to rely upon Dr. Hecht's conclusory opinion that Plaintiff has "100% impairment" because Dr. Hecht did not

---

[2] Page references use ECF pagination unless otherwise noted.

make findings as to Plaintiff's specific functional capacities. *See* AR at 16, 20 (discussing Dr. Hecht's opinion). The ALJ discussed at length why Dr. Hecht's ultimate opinion was neither supportable by nor consistent with the other record evidence. *Id.*; *see also* 20 CFR § 404.1520c(a) (describing supportability and consistency as "[t]he most important factors" for an ALJ to consider when evaluating the opinion of a claimant's treating physician).

The ALJ instead rested the RFC determination on the opinion of Dr. Nickens, which the ALJ characterized as based upon a "complete" physical examination. AR at 20. However, at the time of Plaintiff's examination by Dr. Nickens, she was unable to sit due to a recent surgical procedure to excise a lipoma in her gluteal area. AR at 17, 19. Dr. Nickens noted that Plaintiff was unable to lay supine or sit during the examination because of this recent surgery, AR at 406, 408, and consequently Plaintiff was unable to perform a straight leg raise during the examination, AR at 407. Accordingly, Dr. Nickens's opinion as to Plaintiff's ability to sit, and thus the ALJ's RFC determination that Plaintiff retained a light work functional capacity with a sit/stand option of one-to-two minutes every thirty minutes, is not supported by substantial evidence. This is especially true in light of the contrary ultimate opinion of Dr. Hecht, AR at 412, and Plaintiff's self-report at the hearing that she can only sit comfortably for fifteen minutes, AR at 41.

It is true that, "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim."

*Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999). Here, Dr. Nickens's inability to perform a full examination of Plaintiff's ability to sit represents a substantial gap in the record that the ALJ was obligated to fill before making a determination as to Plaintiff's RFC. The Court concludes, however, that the remaining elements of the ALJ's RFC determination are supported by substantial evidence.

Accordingly, Plaintiff's motion for judgment on the pleadings is granted, and the Commissioner's cross-motion is denied. This case is remanded to the SSA to further develop the record as to Plaintiff's RFC as set forth above.

SO ORDERED.

_/s/ Nina R. Morrison_
NINA R. MORRISON
United States District Judge

Dated: February 23, 2026
   Brooklyn, New York

6